UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESTCHESTER FIRE INSURANCE
COMPANY,

      Plaintiff,

v.                                                              No.3:05-cv-156-J-12MCR

AMERICAN CONTRACTORS &
DEVELOPERS, INC., et al.,

      Defendants.

## O R D E R

This cause is before the Court on Plaintiff's motion to dismiss the Defendants' counterclaim (Doc. 11), and accompanying memorandum of law in support (Doc.12), filed May 25, 2005. On July 7, 2005, the Defendants' response in opposition (Doc.18) was filed.

Pursuant to four contracts, the Plaintiff as surety executed four payment and performance bonds pursuant to Fla. Stat. §255.05 with Defendant American Contractors & Developers, Inc., general contractor and principal. The payment and performance bonds relate to four different public construction projects in St. Johns and Duval counties in the state of Florida. The Plaintiff filed this suit under breach of contract and common law indemnity theories to recover losses it claims to have suffered in conjunction with payment of claims pursuant to the payment and performance bonds on the four construction projects. See Complaint Doc.1. The Defendants filed a Compulsory Counterclaim (Doc.8) for breach of contract asserting that the Plaintiff did not fully meet its contractual obligations under the performance bonds resulting in damage to their business. From a reading of the

Compulsory Counterclaim, it appears that the Defendants' breach of contract claims concern claims which they allege should have been paid, but were not. See Doc. 8, ¶12. However, in their response to the motion to dismiss, it appears that the Defendants also may be claiming that the Plaintiff paid claims that it should not have. See Doc. 18 at p.4.

The Plaintiff argues that the Defendants have no viable cause of action against it for several reasons. First, the Plaintiff maintains that its liability as surety is derivative or secondary to that of Defendant American Contractors & Developers, Inc., the principal/general contractor and Defendant American Contractors & Developers, Inc. remains primarily liable for all claims by third parties made pursuant to the payment and performance bonds. Next, the Defendants executed an indemnification agreement which provided only for indemnification of Plaintiff surety in the event claims were paid pursuant to the performance bonds. As a result, the Plaintiff argues that the Defendants have no rights of indemnification concerning the payment and performance bonds. Finally, the Plaintiff asserts that Fla. Stat. § 255.05 contains no language supporting a cause of action by the principal against the surety for breach fo contract, because the purpose of the statute is to protect third party subcontractors and suppliers on public construction projects by giving them a means other than a mechanic's lien to secure payment for labor and materials. Therefore, the Plaintiff contends that only these third party claimants have standing to seek recovery against it as the surety for claims payable under the bonds. See Doc. 12 p. 5-7 and cases cited therein.

The Defendants assert that their counterclaim is based on general principles of contract law and that their claim that the Plaintiff has breached its surety obligations under the performance bonds is sufficient to withstand the motion to dismiss. However, the

2

Defendants have not attempted to distinguish any of the legal authority cited by the Plaintiff and have not cited any contractual or legal authority which would support the claim they seek to assert against the Plaintiff.

The Court is of the opinion that given the secondary or derivative nature of the Plaintiff's liability, the purpose of the payment and performance bonds pursuant to Fla. Stat. §255.05 to protect third party subcontractors and suppliers on public construction projects, and the fact that the indemnification agreement between Plaintiff and the Defendants does not appear to give the Defendants any rights of indemnification, the Defendants' breach of contract claim is either a claim properly asserted by a third party claimant or is more appropriately asserted as a defense against the Plaintiff's asserted claims for indemnification. Accordingly, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's motion to dismiss the Defendants' counterclaim (Doc. 11) is granted with leave to amend. The Defendants' Compulsory Counterclaim (Doc.8) is dismissed with leave to file an amended counterclaim setting forth the contractual or legal basis authorizing such claim by October 3, 2005.

**DONE AND ORDERED** this  14TH  day of September 2005.

Howell W. Melton
Senior United States District Judge

Copies to:   Counsel of Record

3